IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| LYN SAN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.:  7:24-CV-00088 |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
## AMENDED ANSWER AND DEFENSES

Defendant Westchester Surplus Lines Insurance Company ("Defendant" or "Westchester")

submits the following Amended Answer and Defenses to Plaintiff Lyn San LLC's ("Plaintiff")

Original Petition that Plaintiff filed in Texas State Court. and would respectfully show the Court

as follows:

### I.      PARTIES

1.      Defendant is without sufficient information to form a belief as to the truth of the

allegations in paragraph 1 of Plaintiff's Original Petition.

2.      Defendant admits the factual allegations of Paragraph 2 of Plaintiff's Original

Petition.

### II.      DISCOVERY

3.      Given the removal of this action to the United States District Court for the Western

District of Texas, Midland-Odessa Division, Westchester denies as moot the allegations regarding

the Discovery Level set forth in paragraph 3 of Plaintiff's Original Petition. As further answer, there are no factual allegations in this paragraph requiring admission or denial.

### III.    CLAIM FOR RELIEF

4.      There are no factual allegations in this paragraph requiring admission or denial.  As further answer, Westchester denies the allegations in paragraph 4 of Plaintiff's Original Petition.

5.      There are no factual allegations in this paragraph requiring admission or denial.  As further answer, Westchester denies the allegations in paragraph 5 of Plaintiff's Original Petition. To the extent a further response is required, Westchester understands that Plaintiff seeks monetary relief over $250,000, but denies Plaintiff is entitled to such amounts.

### IV.    JURISDICTION AND VENUE

6.      Westchester admits that this Court has jurisdiction for purposes of this action, but the Texas state court no longer has jurisdiction.

7.      The venue is proper for this action in the United States District Court for the Western District of Texas. Westchester denies as moot the remaining allegations set forth in paragraph 7 in light of the removal of this action.

### V.    FACTUAL BACKGROUND

8.       Westchester admits that it issued policy number FSF16465094-001 to Plaintiff insuring Plaintiff's Property pursuant to the Policy's terms, conditions, exclusions, and limitations.

9.       Westchester admits that it issued policy number FSF16465094-001 to Plaintiff insuring Plaintiff's Property during the policy period term from January 22, 2022 to January 22, 2023.  Further answering, Westchester would show that the Policy's terms, conditions, exclusions,

and limitations are the best evidence of the insurance provided. Westchester lacks knowledge or information sufficient to admit or deny the remaining allegation in paragraph 9 of Plaintiff's Original Petition.

10.     Westchester admits that the Policy covers physical damage to Plaintiff's Property and Plaintiff's business personal property subject to the Policy's terms, conditions, exclusions, and limitations. As further answer, Westchester would show that the Policy is the best evidence of its terms, conditions, exclusions and limitations.

11.     Westchester denies the allegations in paragraph 11 of Plaintiff's Original Petition.

12.     Westchester admits that Plaintiff submitted a claim for damages to the Property.

13.     Westchester admits that it assigned Claim Number KY22K2871000 to Plaintiff's claim.

14.     Westchester admits that retained independent adjustment firm Sedgwick and Charles Bankston to assist in the claim investigation. Westchester denies the remaining allegations in paragraph 14 of Plaintiff's Original Petition.

15.     Westchester admits that it retained engineering firm EFI Global to assist in the claim investigation. Westchester denies the remaining allegations in paragraph 15 of Plaintiff's Original Petition.

16.     Westchester admits that EFI inspected Plaintiff's Property on October 13, 2022 and completed its report on October 31, 2022. Westchester denies the remaining allegations in paragraph 16 of Plaintiff's Original Petition.

17.     Westchester denies the allegations in paragraph 17 of Plaintiff's Original Petition.

18.     Westchester denies the allegations in paragraph 18 of Plaintiff's Original Petition.

19.     Westchester denies the allegations in paragraph 19 of Plaintiff's Original Petition.

20.    Westchester denies the allegations in paragraph 20 of Plaintiff's Original Petition.

21.    Westchester denies the allegations in paragraph 21 of Plaintiff's Original Petition.

22.    Westchester denies the allegations in paragraph 22 of Plaintiff's Original Petition.

23.    Westchester denies the allegations in paragraph 23 of Plaintiff's Original Petition.

24.    Westchester denies the allegations in paragraph 24 of Plaintiff's Original Petition.

25.    Westchester denies the allegations in paragraph 25 of Plaintiff's Original Petition.

26.    Westchester denies the allegations in paragraph 26 of Plaintiff's Original Petition.

27.    Westchester denies the allegations in paragraph 27 of Plaintiff's Original Petition.

28.    Westchester denies the allegations in paragraph 28 of Plaintiff's Original Petition.

29.    Westchester denies the allegations in paragraph 29, including allegations (a through h), of Plaintiff's Original Petition.

## VI.    CAUSES OF ACTION

### A. <u>Breach of Contract</u>

30.    Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

31.    Westchester denies the allegations in paragraph 31 of Plaintiff's Original Petition. As further answer, Westchester would show that the Policy's terms, conditions, exclusions and limitations are the best evidence of the coverage it provides.

32.    Westchester denies the allegations in paragraph 32 of Plaintiff's Original Petition.

33.    Westchester denies the allegations in paragraph 33 of Plaintiff's Original Petition.

34.    Westchester denies the allegations in paragraph 34 of Plaintiff's Original Petition.

35.    Westchester denies the allegations in paragraph 35 of Plaintiff's Original Petition.

### B. <u>Insurance Code Violations</u>

36.     Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

37.     Westchester admits the allegations in paragraph 37 of Plaintiff's Original Petition, subject to the Policy's terms, conditions, exclusions and limitations, which are the best evidence of the coverage it provides.

38.     Westchester denies the allegations in paragraph 38 of Plaintiff's Original Petition.

39.     Westchester denies the allegations in paragraph 39 of Plaintiff's Original Petition.

40.     Westchester denies the allegations in paragraph 40 of Plaintiff's Original Petition.

41.     Westchester admits the allegations in paragraph 41 of Plaintiff's Original Petition.

42.     Westchester denies the allegations in paragraph 42 of Plaintiff's Original Petition.

43.     Westchester denies the allegations in paragraph 43 of Plaintiff's Original Petition.

44.     Westchester denies the allegations in paragraph 44 of Plaintiff's Original Petition.

45.     Westchester denies the allegations in paragraph 45 of Plaintiff's Original Petition.

**C. Other Insurance Code Violations**

46.     Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

47.     Westchester admits the allegations in paragraph 47 of Plaintiff's Original Petition.

48.     Westchester admits the allegations in paragraph 48 of Plaintiff's Original Petition.

49.     Westchester admits the allegations in paragraph 49 of Plaintiff's Original Petition.

50.     Westchester denies the allegations in paragraph 50 of Plaintiff's Original Petition.

51.     Westchester denies the allegations in paragraph 51 of Plaintiff's Original Petition.

52.     Westchester denies the allegations in paragraph 52, including allegations (a through d) of Plaintiff's Original Petition.

53.     Westchester denies the allegations in paragraph 53 of Plaintiff's Original Petition.

54.     Westchester denies the allegations in paragraph 54, including allegations (a through h) of Plaintiff's Original Petition.

55.     Westchester denies the allegations in paragraph 55 of Plaintiff's Original Petition.

56.     Westchester denies the allegations in paragraph 56 of Plaintiff's Original Petition.

57.     Westchester denies the allegations in paragraph 57 of Plaintiff's Original Petition.

58.     Westchester denies the allegations in paragraph 58, including allegations (a through b) of Plaintiff's Original Petition.

59.     Westchester denies the allegations in paragraph 59 of Plaintiff's Original Petition.

60.     Westchester denies the allegations in paragraph 60 of Plaintiff's Original Petition.

61.     Westchester denies the allegations in paragraph 61 of Plaintiff's Original Petition.

62.     Westchester denies the allegations in paragraph 62, including allegations (a through i) of Plaintiff's Original Petition.

63.     Westchester denies the allegations in paragraph 63 of Plaintiff's Original Petition.

64.     Westchester denies the allegations in paragraph 64 of Plaintiff's Original Petition.

**D.     Deceptive Trade Practices Act Violations**

65.     Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

66.     Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiff's Original Petition.  If further answer is required, denied.

67.     Westchester admits the allegations in paragraph 67 of Plaintiff's Original Petition.

68.     Westchester denies the allegations in paragraph 68, including allegations (a through c) of Plaintiff's Original Petition.

69.     Westchester denies the allegations in paragraph 69 of Plaintiff's Original Petition.

70.     Westchester denies the allegations in paragraph 70 of Plaintiff's Original Petition.

71.     Westchester denies the allegations in paragraph 71 of Plaintiff's Original Petition.

72.     Westchester denies the allegations in paragraph 72 of Plaintiff's Original Petition.

73.     Westchester denies the allegations in paragraph 73 of Plaintiff's Original Petition.

**E.     Breach of the Duty of Good Faith and Fair Dealing**

74.     Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

75.     Westchester admits the allegations in paragraph 75 of Plaintiff's Original Petition. As further answer, Westchester would show that the Policy's terms, conditions, exclusions and limitations are the best evidence of the coverage it provides.

76.     Westchester admits the allegation in paragraph 76 of Plaintiff's Original Petition.

77.     Westchester denies the allegations in paragraph 77, including allegations (a through i) of Plaintiff's Original Petition.

78.     Westchester denies the allegations in paragraph 78 of Plaintiff's Original Petition.

79.     Westchester denies the allegations in paragraph 79 of Plaintiff's Original Petition.

80.     Westchester denies the allegations in paragraph 80 of Plaintiff's Original Petition.

81.     Westchester denies the allegations in paragraph 81 of Plaintiff's Original Petition.

## VII.    ATTORNEYS' FEES

82.     Westchester incorporates by reference and reiterates its admissions and denials of Plaintiff's allegations in response to this paragraph.

83.     Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of Plaintiff's Original Petition.

84.     Westchester denies the allegations in paragraph 84 of Plaintiff's Original Petition.

85.     Westchester denies the allegations in paragraph 85 of Plaintiff's Original Petition.

86.     Westchester denies the allegations in paragraph 86 of Plaintiff's Original Petition.

## VIII.   CONDITIONS PRECEDENT

87.     Westchester denies the allegations in paragraph 87 of Plaintiff's Original Petition.

## IX.     DEMAND FOR JURY

88.     Westchester admits that there has been a jury demand.

## X.     PRAYER

89.     Paragraph 89 contains legal conclusions and/or arguments that require no response from Westchester. To the extent a response is deemed required, Westchester denies Plaintiff is entitled to the relief requested.

*   *   *

## XI.     DEFENDANT'S DENIAL OF CONDITIONS PRECEDENT

90.     Westchester denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars:

### *Loss During the Policy Period*

91.     Insurance coverage under Defendant's Policy number FSF16465094 001 (the "Policy") applies, if at all, only to loss that occurs during the Policy period. To the extent that any part of the loss of which Plaintiff complains did not occur during this policy period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

92.     Westchester's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

### *Valuation, Loss Payment & Replacement Cost*

93.     Plaintiff's loss is only recoverable, if at all, to the extent provided by the Policy's Valuation, Loss Payment and Replacement Cost provisions, specifically including but not limited to the **ACTUAL CASH VALUE ROOF LIMITATION FORM** (form AWB0215 10/15).

### *Allocation of Damages*

94.     Plaintiff is entitled to recover only the portion of its claimed loss that is covered under the Policy.  To the extent that Plaintiff is unable to allocate the covered portion of its claimed loss from the uncovered portion, Texas law regarding concurrent causation precludes Plaintiff's recovery.

### *Insurance Code 542A Notice*

95.     Plaintiff failed to provide Defendant written notice of Plaintiff's claimed damages in compliance with Texas Insurance Code Section 542A.003, thereby barring its recovery, pursuant to Section 542A.007 of the Code, of any potential attorneys' fees that might otherwise be awarded to Plaintiff.  Plaintiff's insurance claims were for damage caused by hail, which is a "claim" to which chapter 542A applies.

### XII.    DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

96.     Based on Plaintiff's Original petition and the information currently available, and subject to Westchester's right to amend and/or supplement this pleading, Westchester asserts the following affirmative and/or other defenses:

97.     Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, sublimits, waiting periods, deductibles, and coinsurance provisions set forth in the Policy, regardless if specifically set forth in this pleading. Westchester does not waive, and expressly reserves, all rights and defenses that Westchester may have or that may arise under the Policy. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Westchester may have or that may arise under the Policy.

### Storm-Created Opening

98.     Plaintiff's claims are barred, in whole in part, to the extent any loss or damage to the interior of any building or structure was caused by rain, whether driven by rain or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain enters.

### Failure to Mitigate

99.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the Property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

### Bona Fide Dispute

100.    A bona fide dispute exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant is permitted to value claims and evaluate coverage differently than Plaintiff without incurring bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope and amount of any alleged covered loss and/or the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

*Limitation of Punitive/Exemplary Damages*

101.    Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

102.    As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### Prior Payment / Offset / Credit

103.    Plaintiff's claim is reduced by the amount of their deductible and any prior payment for their insurance claim.  Defendant is entitled to an offset or credit in the total amount of Plaintiff's deductible and any prior payments.

### Excessive Demand

104.    Plaintiff's claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand.

### Cosmetic Damage Exclusion

105.    The Policy does not cover cosmetic loss or damage to roof coverings caused by wind and/or hail. To the extent any damage complained of by Plaintiff falls within the Policy's Endorsement Form No. AWB0213 (10/15) – Cosmetic Damage Roof Exclusion, Defendant is not liable for such damage.

### Pre-existing Property Damage Exclusion

106.    The Policy does not cover any loss or damage directly or indirectly caused by, resulting from or contributed to by any pre-existing property damage at the time of loss.

107.    To the extent any damage complained of by Plaintiff falls within the Policy's Endorsement Form No. ACE0421 (08/09) – Pre-Existing Property Damage, Defendant is not liable for such damage.

## PRAYER

Defendant Westchester Surplus Lines Insurance Company prays that: (i) Plaintiff's claims against it be dismissed or otherwise denied in their entirety with prejudice and that Plaintiff take nothing by its claims; (ii) Defendant be awarded its court costs; and (iii) that Defendant be granted such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

ZELLE LLP

By:    /s/ Eric K. Bowers
    Eric K. Bowers
    Texas Bar No. 24045538
    ebowers@zellelaw.com
    Alexander J. Masotto
    Texas Bar No. 24126023
    amasotto@zellelaw.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the forgoing has been served on the following counsel of record by electronic service in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on April 4, 2024.

Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
L. Zachary Carrion
State Bar No. 24131038
zcarrion@dcclawfirm.com
Dugas & Circelli, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

*/s/ Eric K. Bowers*
Eric K. Bowers